IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WILLIAM BARKSDALE, JR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants. | Civil No. 19-17544 (RMB/JS) <br><br> **ORDER** |

On November 7, 2019, this Court issued an Order to Show Cause directing

> Attorney Thomas [to] **SHOW CAUSE** by written submission filed on the docket why this Court should not dismiss without prejudice some, or all, of the 18 various claims asserted against the 12 Defendants named in the 80-page Complaint for failure to comply with the Federal Rules of Civil Procedure, specifically including, but not necessarily limited to Fed. R. Civ. P. 8(a)(1)-(2) (requiring "short and plain statement[s]" in pleadings); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."); Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud"); and Fed. R. Civ. P. 11(b) (requiring reasonable pre-suit investigation of the facts and evaluation of the legal viability of claims).

[Docket Entry #4]

On November 20, 2019, Attorney Thomas filed a response to the Court's Order. The response: (a) failed to address the issue the Court directed Attorney Thomas to address, and (b) requested an extension of time to serve the summons and complaint in this case.

1

The Court (a) directed that Plaintiff respond to the Order to Show Cause, and (b) denied the request.

Attorney Thomas' second attempt to comply with the Court's Order to Show Cause is presently before the Court.  Unfortunately, Attorney Thomas still has not addressed the issue the Court directed him to address.  Attorney Thomas explains and elaborates on the <u>merits</u> of the claims asserted in the prolix Complaint.  The Court, however, has directed Attorney Thomas to address the <u>form</u> of the pleading insofar as it presently is not "short and plain," Fed. R. Civ. P. 8(a)(1)-(2), nor is it "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Moreover, while allegations of fraud must be pled with particularity, Fed. R. Civ. P. 9(b), the particularity requirement is not an invitation to include "redundant, immaterial, [or] impertinent . . . matter[s]."  Fed. R. Civ. P. 12(f)(1) (allowing the Court to *sua sponte* strike such matters).  In short, the Court has not asked Attorney Thomas to address why the claims have merit, the Court has asked Attorney Thomas to justify the form in which the claims are asserted.

Moreover, in light of Attorney Thomas' past behavior in this District[1], the Court has directed Attorney Thomas to carefully consider whether-- consistent with his Fed. R. Civ. P. 11 obligations-- each of the 18 claims asserted against each of the 12 Defendants in the 80-page Complaint were reasonably investigated as

---

[1] This Court's Order to Show Cause sets forth this background information.  [See Docket Entry # 4]

2

to both their legal and factual viability before the Complaint in this case was filed. The Court has no indication that he has done so.

Lastly, any request to extend the time for service shall be raised by motion pursuant to Fed. R. Civ. P. 4(m). Accordingly,

**IT IS HEREBY**, on this __6th__ day of **December 2019**,

**ORDERED** that:

(1) Plaintiff's informal request to extend the time for service is **DENIED**; and

(2) Within 10 days of the date of this Order, Attorney Thomas shall respond to the Court's Order to Show Cause; and

**(3) Failure to timely respond to this Order will likely result in the dismissal of this case and / or the imposition of appropriate sanctions.**

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE