

POWERS KIRN, LLC
728 Marne Highway
Suite 200
Moorestown, NJ 08057
Tel: 856.802.1000
Fax: 856.802.4300
www.powerskirn.com

William M.E. Powers, III
Sarah E. Powers
Edward W. Kirn, III
Jeanette J. O'Donnell
Angela C. Pattison
Michael B. McNeil

December 13, 2019

Honorable Renée Marie Bumb
United States District Court for the
District of New Jersey
4th & Cooper Streets, Courtroom 3D
Camden, NJ  08101

RE: William Barksdale Jr., et al. v. Bank of America, N.A., et al.
    Civil No. 1:19-cv-17544-RMB-JS

Dear Judge Bumb:

I am writing this letter because I am concerned about service and the unprofessional manner in which Joshua L. Thomas, Esquire ("Joshua Thomas" or "Mr. Thomas") conducts himself. This lawsuit names Powers Kirn, LLC, Sarah Powers, and myself (collectively "Powers") among the many defendants joined. I was surprised to learn of the existence of this lawsuit from a client that performs a docket search of the attorneys and law firms it employs. Powers has not been served in this matter and does not consent to a waiver of service until such time as Mr. Thomas has fully complied with Your Honor's Order to Show Cause and has requested a waiver that comports with F.R.Civ.P. 4.

I am not surprised to see that Joshua Thomas has not properly addressed this Court's Order to Show Cause. While testifying at an Order to Show hearing on April 15, 2019, Joshua Thomas similarly provided non-responsive answers and attempted to deflect personal culpability in the bankruptcy case *In re Sharonn E. Thomas*, 18-17430-elf (Bankr. E.D.Pa.). A copy of the transcript (Doc. #134) is attached as Exhibit A. The testimony elicited at the hearing established that Joshua Thomas had failed to meaningfully consult with his client prior to filing schedules in a second bankruptcy case that was ostensibly motivated by Joshua Thomas' desire to avert a possible malpractice claim against himself after Joshua Thomas had failed to appear for an arbitration that resulted in a $750,000.00 default judgment against his client. [TR. 94-95] Review of the transcript reveals that Joshua Thomas demonstrated a recalcitrant demeanor that required the Honorable Eric L. Frank, U.S.B.J. to repeatedly direct Mr. Thomas to answer the

Honorable Renée Marie Bumb
United States District Court
Page 2
December 13, 2019

RE:  William Barksdale Jr., et al. v. Bank of America, N.A., et al.
     <u>Civil No.  1:19-cv-17544-RMB-JS</u>

question asked.  During the questioning of Mr. Thomas by the U.S. Trustee's attorney, Judge Frank remarked "Not the question he asked you.  Why don't you answer the question he asked you?" [TR. 73 at 21-22]  Judge Frank later remarked " ... that's not my question,." [TR. 78 at 3] and "Not my question.  What legal basis did you use to fail to disclose her rental income from Schedule I?" [TR. 78 at 17-18]  Consequently, it should come as no surprise here that there is non-compliance with this Court's Order to Show Cause.

The prolix complaint that Joshua Thomas filed to commence the instant case is part of a template that is frequently re-purposed with many of the same claims that various courts have previously rejected.  The complaint was purposefully drafted without any regard for the mandates of F.R.Civ.P. 11 in an effort to make it both burdensome and expensive for parties to seek dismissal and ensure that the cases Joshua Thomas files will remain in a dormant state for long periods of time.  A lack of service followed by requests for extensions of time will serve to maximize the delay available that fuels a business model which upon information and belief is built around Mr. Thomas' client advancing a flat fee that is followed by an agreed upon monthly charge to the client's credit card so long as Mr. Thomas continues to perpetuate the litigation or until he is successful at frustrating the foreclosure.  Upon information and belief, the monthly stipend charged to the client's credit card is priced below the mortgage payment or a cost to rent so that Mr. Thomas and his client each benefit from the money that is saved or the rents collected that otherwise would have been allocated to paying the mortgage.

Joshua Thomas has filed no fewer than five separate cases in the District Court which have either joined our firm and/or attorneys with the firm as defendants.  We do not have a precise count of cases because Joshua Thomas is known to sometimes ghostwrite for clients, but we have nevertheless experienced first-hand the abuses that were discussed in *Lisa Hood, et al. v. Victoria Crossing Townhouse Association, et al.*, 1:18-cv-122259-RBK-KMW and *Charmaine Wright v. JPMorgan Chase Bank, National Association*, 1:18-cv-083111-RMB-AMD.

An example of inappropriate conduct like this Court noted in *Wright, Supra,* occurred in the case *Leroy Campbell v. Lauren R. Tabas, et al.*, 5:16-cv-06513-LS (E.D.Pa.), where retired Judge Stengel dismissed the complaint with prejudice on July 25, 2017, and shortly thereafter, Joshua Thomas entered his appearance in the matter and filed a motion for reconsideration that was denied on October 2, 2017. (Doc. #14 and #18 in 5:16-cv-06513-LS)  Undeterred by the dismissal of the initial case with prejudice and the subsequent denial of reconsideration, Joshua Thomas filed a second case, *Leroy Campbell v. Powers Kirn & Javardian, LLC, et al.*, 5:18-cv-03825-EGS (E.D.Pa.), that asserted nearly identical claims and was subsequently dismissed on January 18, 2019. (Doc. #18)

Honorable Renée Marie Bumb
United States District
Page 3
December 13, 2019

RE: William Barksdale Jr., et al. v. Bank of America, N.A., et al.
    Civil No. 1:19-cv-17544-RMB-JS

Failure to serve has been a recurring theme in the other cases Mr. Thomas has filed that include: *Cary W. Drake v. Wells Fargo Bank, N.A., et al.*, 2:16-cv-08797-MCA-LDW (D.N.J.), *Jones et al. v Bank of America, National Association, et al.*, 1:19-cv-08959-RBK-KMW (D.N.J), and the instant case, *William Barksdale, Jr. v. Bank of America, National Association*, 1:19-cv-17544-RMB-JS (D.N.J.). Additionally, it is my understanding that the Clerk of the United States Court of Appeals for the Third Circuit submitted letters to the merits panel outling alleged misconduct or fraud by Joshua Thomas in the case *Kajla v. U.S. Bank, N.A.*, No. 18-1718, where Mr. Thomas claimed to serve defendant Phelan Hallinan Diamond & Jones, PC. In *Kajla, Supra,* a process server testified before the Honorable Anne E. Thompson, U.S.D.J. that the affidavit proffered by Joshua Thomas "is incorrect and essentially forged". Judge Thompson found the process server's testimony was credible and undercut the integrity of an affidavit that Joshua Thomas had proffered. (Doc. #36, Page 4, 03/27/2019 in 3:17-cv-08953-AET-TJB)

Joshua Thomas' response to the Order to Show Cause admits becoming aware of William Barksdale's pending bankruptcy proceeding when the instant case was restored to an active docket by the Order to Show Cause on November 7, 2019, however, the response fails to explain why the bankruptcy case docket does not reflect any filing of a motion for an order authorizing retention of Mr. Thomas as special counsel to handle this litigation. A motion for retention is required because the Bankruptcy Code mandates that professionals retained do not have interests adverse to the bankruptcy estate. Because William Barksdale's assets are within the jurisdiction and control of the Bankruptcy Court, it would appear that Mr. Thomas may not be able to prosecute this case unless he is proposing to handle this case on a pro bono basis and he is prepared to disgorge any funds he might have already received from Mr. Barksdale since there is no Order authorizing his retention.

                                                Respectfully submitted,

                                                <u>s/ William M. E. Powers III</u>
                                                William M. E. Powers III

cc:    Joshua L. Thomas, Esquire (via Electronic Case Filing w/ attachment)